The UNITED STATES of America

v.

The FORT SILL APACHE TRIBE OF the STATE OF OKLAHOMA et al.

Appeal No. 19–74.

United States Court of Claims.

Dec. 18, 1974.

Dean K. Dunsmore, Washington, D. C., with whom was Asst. Atty. Gen. Wallace H. Johnson, for appellant.

I. S. Weissbrodt, Washington, D. C., attorney of record for appellees. Richmond F. Allan, Billings, Mont., of counsel.

Before COWEN, Chief Judge, and NICHOLS and KUNZIG, Judges.

## ON APPELLEES' MOTION TO PARTIALLY DISMISS APPEAL

PER CURIAM:

The Government has filed notice of appeal from the Indian Claims Commission decisions in regard to the following:

1. the order of September 13, 1972, grouping plaintiffs' claims into "group A" (claims dealing with the removal of certain resources and the use of Indian lands prior to taking), and "group B" (claims seeking an accounting of the Government's handling of plaintiffs' land and property while the Apache were prisoners of war at Fort Sill);

2. the order of November 29, 1972, denying the Government's motion to dismiss the "group B" claims for (a) lack of subject matter jurisdiction, (b) failure to state a claim upon which relief can be granted, (c) statute of limitations, (d) *res judicata*, and (e) the doctrine against splitting a cause of action;

3. the interlocutory order of May 10, 1974, finding the United States liable as to the "group A" claims (the interlocutory nature of the order is due to the postponement of the determination of offsets);

4. the order of June 19, 1974, severing the "group A" claims and "group B" claims into Docket Nos. 182–A and 182 respectively, so as to allow progress on "group B" claims while "group A" claims are appealed.

Plaintiff concedes that the appeal of part 3 is timely, but moves to dismiss the other 3 parts (1, 2, and 4) of the appeal for lack of jurisdiction under 25 U.S.C.

§ 70s, which in pertinent part reads as follows:

> * * * In similar manner and with like effect either party may appeal to the Court of Claims from any interlocutory determination by the Commission establishing the liability of the United States notwithstanding such determination is not for any reason whatever final as to the amount of recovery; * * *

In United States v. Fort Sill Apache Tribe, 202 Ct.Cl. 525, 481 F.2d 1294 (1973), this court previously dismissed an earlier attempt by the Government to take an interlocutory appeal of parts 1 and 2 under 25 U.S.C. § 70s. We grant the plaintiff's motion to dismiss parts 1 and 2 again and to dismiss part 4, for essentially the same reasons as given in the earlier *Fort Sill Apache Tribe* case.

### I

A review of 25 U.S.C. § 70s, in light of comparable statutes applicable to Federal District Courts, 28 U.S.C. §§ 1291, 1292, shows a great similarity and amplifies the conclusions drawn from the separate legislative history of § 70s in *Fort Sill Apache Tribe, supra.*

Both this court and the other Federal courts were long bound by a tradition allowing appeal only of final decisions. (*See generally*, 9 J. Moore, Federal Practice, ¶ 110. (2d ed. 1973)). This tradition is codified in both § 70s and § 1291. However, limited exceptions (primarily in equity and admiralty) were allowed, and these were codified in recent times in § 70s, here involved (appeal of findings of Government liability), and § 1292(a) (preserving traditional interlocutory appeals in equity and admiralty, as well as liability decisions in bankruptcy and patent infringement cases where lengthy accounting processes follow upon liability determinations.) In addition, to cover other unique situations, a certification process has also been enacted into § 70s and § 1292(b).

■ Given the nearly total parallelism between § 70s and §§ 1291, 1292, and recognizing that Congress had no other Federal appellate system to model this court's statutes on, the inescapable conclusion is that Congress intended § 70s to be interpreted as similar to §§ 1291, 1292. Thus case law under §§ 1291, 1292 is available for analysis of the problem here (which appears to be a novel question for this court, with no considered precedents other than *Fort Sill Apache Tribe, supra.*)

### II

Once it is determined what case law is applicable, this case resolves itself into two issues: (1) Are the various parts of the Government's appeal reviewable under interlocutory appeal jurisdiction? and (2) Are the various parts of the Government's appeal reviewable as final decisions?

■ Part 3 of the appeal is easiest to deal with. Both parties concede it is appealable. Since the decision is not final—offsets must be determined—since the Indian Claims Commission labeled it an interlocutory liability decision, and since it fits the statutory description of an interlocutory decision finding the United States liable, one is forced to conclude that part 3 is properly reviewable.

Thus while part 3 is properly reviewable at this time, it is NOT a final decision to which may be added other matters for appeal, if they are orders in unrelated matters not part of the foundation of the decision appealed from. Thus each of the other parts must be examined on its own merits.

■ By this standard, *Fort Sill Apache Tribe*, is *res judicata* against interlocutory appeal of parts 1 and 2. And, whether or not collateral estoppel works against part 4 because of its similarities to part 1, *Fort Sill Apache Tribe* is equally applicable to part 4 and similarly bars part 4. There is no certification here or liability determination in parts 1, 2, and 4, to provide jurisdiction for an interlocutory appeal of these parts.

■ Defendant's theory is that an allowable interlocutory appeal can be made to carry with it all previous orders and rulings whether or not separately appealable. This is true only to the extent they enter into the appealable ruling and are subsumed thereby. Defendant here wants its proper appeal to carry along wholly unrelated holdings.

In addition to a lack of basis for interlocutory appeal of parts 1, 2, and 4, neither do they qualify under the finality doctrines developed in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); and Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

■ Parts 1 and 4 of the appeal are procedural determinations with *no* independence apart from the overall case. No parties are added or dropped, nor is the nature of the claims altered. They would be nearly impossible to review separately from the entire case. Thus they fail the *Cohen* tests (*Cohen, supra,* 337 U.S. at 545–546, 69 S.Ct. 1221) of (1) separability, (2) importance, and (3) urgency. Furthermore, absent some compelling harm, they are the type of internal housekeeping rules that appellate bodies should be loath to interfere with, any more than this court would want some outside court or body dictating our internal rules and procedures. The Third Circuit in Nolfi v. Chrysler Corp., 324 F.2d 373 (1963), similarly declined to interfere in trial procedures of this type when reviewing a case under § 1291 and the *Cohen/Gillespie* cases.

Part 2 of the appeal has elements which at times have caused the courts to invoke the *Cohen/Gillespie* cases even absent a certification from the trial court. But still the Government has shown no such importance or urgency in this case that would invoke the *Cohen/ Gillespie* rule. No certificate has issued here. And there is no confusion or prejudice of mixing parties and defenses, such as occurred in Garber v. Randell, 477 F.2d 711, 715 (2d Cir. 1973), which compelled the Second Circuit to intervene and partially undo a trial court's consolidation order.

In conclusion, *Fort Sill Apache Tribe* is *res judicata* on parts 1 and 2, and good law as far as part 4 of the Government's appeal. Absent any compelling reason not to follow the precedent of *Fort Sill Apache Tribe*, the motion to dismiss the appeal, insofar as parts 1, 2, and 4 are concerned, is granted.