On October 30,1975 the court issued the following order:
Before Davis, Judge, Presiding, Nichols and Kttnzig, Judges.
“This case comes before the court on appeal by the United States from determinations of the Indian Claims Commission in its Docket No. 184, having been submitted to this court on the briefs and oral argument of counsel. Upon consideration thereof, the court concludes as follows:
“1. On the issue of the correctness of the Indian Claims Commision’s award of interest on various Indian tribal funds, which award was rested squarely on the Act of September 11,1841 [5 Stat. 465], the judgment of the Commission is reversed on the authority of United States v. Mescalero Apache Tribe, Appeal Nos. 2-74, 10-74, 12-74, decided July 11, 1975, ante, at 369, 518 F. 2d 1309, and the case is remanded to the Commission for such further proceedings regarding the productivity of the tribal funds as may be appropriate and open to the parties. Cf. Cheyenne-Arapaho Tribes of Indians v. United States, 206 Ct. Cl. 340, 512 F. 2d 1390 (1975). The court intimates no opinion whatever as to whether (and the extent to which) such further proceedings are now available.
“2. On the issue of the Commission’s jurisdiction in this case to order an accounting for governmental activities occurring after August 13, 1946, the court deems, in view of its disposition of the first issue, that the appeal is now premature under the Indian Claims Commission Act — the Commission’s determination on this point being neither a “final determination” nor an interlocutory determination establishing the liability of the United States under § 20(b) of the Act, 25 U.S.C. §70s(b). See United States v. Fort Sill Apache Tribe, 202 Ct. Cl. 525, 481 F. 2d 1294 (1973). Ac *1046 cordingly, this aspect of the appeal is dismissed without prejudice.
“3. The appellant’s points with respect to the assertion by appellee, after August 13, 1951, of a claim of a Fifth Amendment taking for the school lands, and with respect to the paying out of tribal funds under the Act of May 30, 1908 [35 Stat. 558], are likewise premature and not appeal-able at the present stage to this court. It is undisputed-that no final determination has been made, and on neither issue did the Commission’s action (of which review is sought) constitute an interlocutory determination establishing the liability of the United States. See the Fort Sill opinion, supra. These two aspects of the appeal are therefore dismissed without prejudice.
“it is therefore ordered that the aspects of the appeal as set forth in paragraphs 2 and 3 above are dismissed without prejudice and that on the issue set forth in paragraph 1 above the case is remanded to the Indian Claims Commission for further proceedings.”