**HELZBERG'S DIAMOND SHOPS, INC., Appellee,**

v.

**VALLEY WEST DES MOINES SHOPPING CENTER, INC., Appellant.**

No. 77–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 2, 1977.

Decided Nov. 10, 1977.

J. David Jackson, Minneapolis, Minn. (argued), Thomas W. Finn, Minneapolis, Minn., and Edward J. Houlehan, Kansas City, Mo., on brief, for appellant.

Loeb H. Granoff, Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and ALSOP, District Judge.[*]

ALSOP, District Judge.

On February 3, 1975, Helzberg's Diamond Shops, Inc. (Helzberg), a Missouri corporation, and Valley West Des Moines Shopping Center, Inc. (Valley West), an Iowa corporation, executed a written Lease Agreement. The Lease Agreement granted Helzberg the right to operate a full line jewelry store at space 254 in the Valley West Mall in West Des Moines, Iowa. Section 6 of Article V of the Lease Agreement provides:

> [Valley West] agrees it will not lease premises in the shopping center for use as a catalog jewelry store nor lease premises for more than two full line jewelry stores in the shopping center in addition to the leased premises. This clause shall not prohibit other stores such as department stores from selling jewelry from catalogs or in any way restrict the shopping center department stores.

Subsequently, Helzberg commenced operation of a full line jewelry store in the Valley West Mall.

Between February 3, 1975 and November 2, 1976 Valley West and two other corporations entered into leases for spaces in the Valley West Mall for use as full line jewelry stores. Pursuant to those leases the two corporations also initiated actual operation of full line jewelry stores.

On November 2, 1976, Valley West and Kirk's Incorporated, Jewelers, an Iowa corporation, doing business as Lord's Jewelers (Lord's), entered into a written Lease

Agreement. The Lease Agreement granted Lord's the right to occupy space 261 in the Valley West Mall. Section 1 of Article V of the Lease Agreement provides that Lord's will use space 261

> . . . only as a retail specialty jewelry store (and not as a catalogue or full line jewelry store) featuring watches, jewelry (and the repair of same) and incidental better gift items.

However, Lord's intended to open and operate what constituted a full line jewelry store at space 261.

In an attempt to avoid the opening of a fourth full line jewelry store in the Valley West Mall and the resulting breach of the Helzberg-Valley West Lease Agreement, Helzberg instituted suit seeking preliminary and permanent injunctive relief restraining Valley West's breach of the Lease Agreement. The suit was filed in the United States District Court for the Western District of Missouri. Subject matter jurisdiction was invoked pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship between the parties and an amount in controversy which exceeded $10,000. Personal jurisdiction was established by service of process on Valley West pursuant to the Missouri "long arm" statute, Rev.Stat.Mo. § 506.500 *et seq.* (1977). Rule 4(e), Fed.R. Civ.P.

Valley West moved to dismiss pursuant to Rule 19 because Helzberg had failed to join Lord's as a party defendant.[1] That motion was denied. The District Court[2] went on to order that

> pending the determination of [the] action on the merits, that [Valley West] be, and it is hereby, enjoined and restrained from allowing, and shall take all necessary steps to prevent, any other tenant in its Valley West Mall (including but not limited to Kirk's Incorporated, Jewelers,

---

[*] The Honorable Donald D. Alsop, Judge, United States District Court for the District of Minnesota, sitting by designation.

[1] Lord's was not subject to the personal jurisdiction of the District Court.

[2] The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

d/b/a Lord's Jewelers) to open and operate on March 30, 1977, or at any other time, or to be operated during the term of [Helzberg's] present leasehold, a fourth full line jewelry store meaning a jewelry store offering for sale at retail a broad range of jewelry items at various prices such as diamonds and diamond jewelry, precious and semi-precious stones, watches, rings, gold jewelry, costume jewelry, gold chains, pendants, bracelets, belt buckles, tie tacs, tie slides and earrings, provided, however, nothing contained herein shall be construed to enjoin [Valley West] from allowing the opening in said Valley West Mall of a small store, known by [Valley West] as a boutique, which sells limited items such as only Indian jewelry, only watches, only earrings, or only pearls.

From this order Valley West appeals.

It is clear that Valley West is entitled to appeal from the order granting preliminary injunctive relief. 28 U.S.C. § 1292(a)(1). However, Valley West does not attack the propriety of the issuance of a preliminary injunction directly; instead, it challenges the District Court's denial of its motion to dismiss for failure to join an indispensable party and argues that the District Court's order fails for lack of specificity in describing the acts of Valley West to be restrained.

■ Ordinarily, the denial of a motion to dismiss is not reviewable. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *United States v. Barket,* 530 F.2d 181 (8th Cir. 1975), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976). However, because the denial of Valley West's motion to dismiss enters into and becomes a part of the District Court's order granting preliminary injunctive relief and because the granting of preliminary injunctive relief is itself appealable, we can and will review the order denying Valley West's motion to dismiss. *See United States v. Fort Sill Apache Tribe,* 507 F.2d 861, 205 Ct.Cl. 805 (1974).

Rule 19, Fed.R.Civ.P., provides in pertinent part:

(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . .

(b) If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ Because Helzberg was seeking and the District Court ordered injunctive relief which may prevent Lord's from operating its jewelry store in the Valley West Mall in the manner in which Lord's originally intended, the District Court correctly concluded that Lord's was a party to be joined if feasible. *See* Rule 19(a)(2)(i), Fed.R.Civ.P. Therefore, because Lord's was not and is not subject to personal jurisdiction in the Western District of Missouri, the District Court was required to determine whether

or not Lord's should be regarded as indispensable. After considering the factors which Rule 19(b) mandates be considered, the District Court concluded that Lord's was not to be regarded as indispensable. We agree.

█ The determination of whether or not a person is an indispensable party is one which must be made on a case-by-case basis and is dependent upon the facts and circumstances of each case. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1607 (1972); 3A J. Moore, *Federal Practice* ¶ 19.07–2[0] (1976). An analysis of the facts and circumstances of the case before us lead us to conclude that Lord's was not an indispensable party and that, therefore, the District Court did not err in denying Valley West's motion to dismiss.

Rule 19(b) requires the court to look first to the extent to which a judgment rendered in Lord's absence might be prejudicial to Lord's or to Valley West. Valley West argues that the District Court's order granting preliminary injunctive relief does prejudice Lord's and may prejudice Valley West. We do not agree.

█ It seems axiomatic that none of Lord's rights or obligations will be ultimately determined in a suit to which it is not a party. *See Mallow v. Hinde,* 25 U.S. (12 Wheat.) 193, 6 L.Ed. 599 (1827); *E. B. Elliott Adv. Co. v. Metropolitan Dade County,* 425 F.2d 1141 (5th Cir.), *cert. denied,* 400 U.S. 805, 91 S.Ct. 12, 27 L.Ed.2d 35 (1970); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1611, at 112 (1972). Even if, as a result of the District Court's granting of the preliminary injunction, Valley West should attempt to terminate Lord's leasehold interest in space 261 in the Valley West Mall, Lord's will retain all of its rights under its Lease Agreement with Valley West. None of its rights or obligations will have been adjudicated as a result of the present proceedings, proceedings to which it is not a party. Therefore, we conclude that Lord's will not be prejudiced in a way contemplated by Rule 19(b) as a result of this action.

Likewise, we think that Lord's absence will not prejudice Valley West in a way contemplated by Rule 19(b). Valley West contends that it may be subjected to inconsistent obligations as a result of a determination in this action and a determination in another forum that Valley West should proceed in a fashion contrary to what has been ordered in these proceedings.

It is true that the obligations of Valley West to Helzberg, as determined in these proceedings, may be inconsistent with Valley West's obligations to Lord's. However, we are of the opinion that any inconsistency in those obligations will result from Valley West's voluntary execution of two Lease Agreements which impose inconsistent obligations rather than from Lord's absence from the present proceedings.

Helzberg seeks only to restrain Valley West's breach of the Lease Agreement to which Helzberg and Valley West were the sole parties. Certainly, all of the rights and obligations arising under a lease can be adjudicated where all of the parties to the lease are before the court. *See Lomayaktewa v. Hathaway,* 520 F.2d 1324 (9th Cir. 1975), *cert. denied,* 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976). Thus, in the context of these proceedings the District Court can determine all of the rights and obligations of both Helzberg and Valley West based upon the Lease Agreement between them, even though Lord's is not a party to the proceedings.

Valley West's contention that it may be subjected to inconsistent judgments if Lord's should choose to file suit elsewhere and be awarded judgment is speculative at best. In the first place, Lord's has not filed such a suit. Secondly, there is no showing that another court is likely to interpret the language of the two Lease Agreements differently from the way in which the District Court would. Therefore, we also conclude that Valley West will suffer no prejudice as a result of the District Court's proceeding

in Lord's absence. Any prejudice which Valley West may suffer by way of inconsistent judgments would be the result of Valley West's execution of Lease Agreements which impose inconsistent obligations and not the result of the proceedings in the District Court.

Rule 19(b) also requires the court to consider ways in which prejudice to the absent party can be lessened or avoided. The District Court afforded Lord's an opportunity to intervene in order to protect any interest it might have in the outcome of this litigation. Lord's chose not to do so. In light of Lord's decision not to intervene we conclude that the District Court acted in such a way as to sufficiently protect Lord's interests. Cf. 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1610, at 103 (1972).

Similarly, we also conclude that the District Court's determinations that a judgment rendered in Lord's absence would be adequate and that there is no controlling significance to the fact that Helzberg would have an adequate remedy in the Iowa courts were not erroneous. It follows that the District Court's conclusion that in equity and good conscience the action should be allowed to proceed was a correct one.

■ In sum, it is generally recognized that a person does not become indispensable to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action. 3A J. Moore, *Federal Practice* ¶ 19.10, at 2349–50 (1976); *see also Division 525, Railway Conductors v. Gorman,* 133 F.2d 273 (8th Cir. 1943); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1613, at 135 (1972). This principle applies to an action against a lessor who has entered into other leases which also may be affected by the result in the action in which the other lessees are argued to be indispensable parties. *See Cherokee Nation v. Hitchcock,* 187 U.S. 294, 23 S.Ct. 115, 47 L.Ed. 183 (1902). We conclude that the District Court properly denied the motion to dismiss for failure to join an indispensable party.

■ Valley West also argues that the District Court's order does not comply with the specificity provisions of Rule 65(d), Fed.R.Civ.P. Valley West contends that the terms of the order fail to apprise it of the behavior which the order requires it to perform. Valley West claims that Rule 65(d) mandates that the District Court spell out the "necessary steps" which it is to take to prevent the opening of a fourth full line jewelry store and define the term "full line jewelry store."

Rule 65(d) provides in pertinent part:

Every order granting an injunction . . . shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained . . . .

These provisions require specificity and are designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed and to avoid the possible founding of a contempt citation on a decree too vague to be understood. They require that those enjoined receive explicit notice of precisely what conduct is outlawed. *Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974).

■ We think that the District Court's order measures up to the statutory standard. Although the order does not spell out the steps which Valley West is to take, it does provide Valley West with explicit notice that it is not to allow the opening or operation of a fourth full line jewelry store in the Valley West Mall. In addition, Valley West's protestations notwithstanding, it is difficult to imagine how the District Court might have more adequately defined the term "full line jewelry store."

In view of the foregoing, it follows that the judgment of the District Court is affirmed.

*Affirmed.*