On June 22, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa, and Kunzig, Judges.
This matter comes before the court on a motion for an award of attorneys’ fees filed by I. S. Weissbrodt, attorney of record for the plaintiffs in the cases named above, on his behalf and on behalf of all other contract attorneys having an interest in the fee.[1] The underlying cases were transferred to .this court by the Indian Claims Commission pursuant to 25 U.S.C. § 70v (1976). The authority of this court to determine attorneys’ fees in such cases is established by Pub.L. No 95-69, 91 Stat. 273 (1977) (to be codified at 25 U.S.C. § 70v-3(a)). Movant’s contract with the plaintiff Indians provides that compensation for services shall be contingent on recovery by the Indians, and that *717 the fee should not exceed ten percent of the amount recovered. Movant requests a fee of ten percent of the $6,000,000 judgment entered by this court in its order of April 6, 1979. We conclude that an attorneys’ fee of $600,000 for services performed on these cases is reasonable and proper.
The claims underlying the cases at bar were originally filed with the Indian Claims Commission on July 31, 1951. The petition asserted the following: (1) a claim for damages for the removal of resources from plaintiffs’ ancestral lands (trespass damages claim); (2) a claim for compensation for the taking of the tribal interest in lands of the Fort Sill Military Reservation; (3) a claim for a general accounting by the Government of its administration of funds and other property belonging to the plaintiffs. While all three claims were originally joined in Docket No. 182, the Indian Claims Commission later severed the claim for trespass damages from the other claims and docketed it as No. 182-A. 34 Ind. Cl. Comm. 204 (1974).
Plaintiffs’ claims were strongly opposed by the Government. The litigation raised novel issues such as the validity of a compensation claim based on Executive order title to land, and the Government’s liability under a trespass theory for protecting and assisting third parties who removed resources from plaintiffs’ aboriginal lands. This court has gained some familiarity with the work of plaintiffs’ attorneys in these cases as a result of several appeals from the determinations of the Indian Claims Commission made during the litigation. See United States v. Fort Sill Apache Tribe, 209 Ct.Cl. 433, 533 F. 2d 531 (1976); 205 Ct.Cl. 805, 507 F. 2d 861 (1974); 202 Ct.Cl. 525, 481 F.2d 1294 (1973).
When these cases were recently transferred to this court by the Indian Claims Commission, numerous disputes involving all three claims remained unresolved. In order to avoid the expense and delay which would attend further litigation, counsel for the parties entered into settlement negotiations. A proposed settlement was submitted and approved by appropriate tribal resolutions. After a hearing before Trial Judge Yanello and the filing of her post-hearing order and findings of fact, this court entered judgment for plaintiffs for the amount agreed upon by the parties, $6,000,000.
*718 Movant or his contract associates participated in the numerous proceedings involving these cases and the attorneys were faithful and diligent in representing the interests of their clients. Movant estimates that between 5,000 and 7,000 attorney hours were spent on services related to these cases. The plaintiffs have been informed of movant’s request for ten percent of the judgment as attorneys’ fees and have raised no objections. Neither the Department of Justice nor the Department of the Interior has raised an objection to movant’s request.
In view of the length and complexity of the proceedings, the work required and performed-by the attorneys, the diligent opposition of the Department of Justice to the claims, and the amount of the judgment in favor of plaintiffs, we conclude that allowance of ten percent of the judgment as attorneys’ fees is warranted. Attorneys’ compensation of $600,000 in this case is reasonable, proper, and within the legal authorization. See Cherokee Nation v. United States, 174 Ct.Cl. 131, 355 F. 2d 945 (1966).
Accordingly, it is ordered, upon consideration of the submission of the parties, but without oral argument, that the motion for an award of attorneys’ fees is granted, and I. S. Weissbrodt, on his behalf and on behalf of all contract attorneys having an interest in the fee, is awarded the sum of six hundred thousand dollars ($600,000). IT IS FURTHER ORDERED that the award of attorneys’ fees will be paid out of the judgment of this court entered on April 6, 1979 in favor of plaintiff tribes in these dockets for the sum of $6,000,000, previously certified for payment.

 On May 2,1979 a motion for leave to intervene in Docket No. 182-A was filed by Roy T. Mobley and Guy Martin, attorneys. On June 20, 1979, they moved to withdraw their motion to intervene. We hereby grant the motion to withdraw.