BOSTON CAR COMPANY, INC., d/b/a
Acura of Boston, Plaintiff,

v.

ACURA AUTOMOBILE DIVISION,
AMERICAN HONDA MOTOR CO.,
INC., Defendant.

Civ. A. No. 89–0398–WF.

United States District Court,
D. Massachusetts.

Aug. 29, 1989.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Boston Car Company ("Boston Car") has moved pursuant to Fed.R.Civ.P. 19 to add York Oldsmobile, Inc. ("York") as a defendant in this case, which has been removed to this federal court by the defendant Acura Division of American Honda Motor Co. ("Acura") because of the diversity of citizenship of the original parties.

The addition of York would destroy diversity and thus eliminate this court's jurisdiction. Boston Car has represented that it recognizes that York may not be a necessary or indispensable party, but would like this issue resolved promptly so it will be clear in which court this case will proceed. For the reasons stated below, the motion to add York is denied.

This case arises out of an agreement between Boston Car and Acura to which York is not a party. That agreement gives Boston Car certain rights as an Acura dealer that Boston Car alleges are violated by a subsequent agreement in which Acura has authorized York to establish another dealership in Revere, Massachusetts. In this case, Boston Car seeks to enjoin Acura from permitting York to serve as an Acura dealer in Revere. The risk of this litigation was apparently recognized by Acura and York when they entered into their agreement.[1] Although, as a practical matter, York's interests will be affected by the disposition of Boston Car's request for preliminary and permanent injunctive relief, York has not sought to intervene in this action.

The complete relief sought by Boston Car in the original complaint could, if appropriate, be effectively ordered in York's absence. In addition, York has not claimed an interest in this action. Thus, it does not appear that York is a necessary party under Fed.R.Civ.P. 19(a).

More importantly, York is not in any event an indispensable party under Fed.R.Civ.P. 19(b). As Professors Wright, Miller and Kane have stated:

> Actions involving multiple contracts, or multiple party contracts, occasionally present interesting joinder problems. When a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though he may have obligated himself to abide by the result of the pending action by another contract that is not at issue, he will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract, although he may be a Rule 19(a) party to be joined if feasible.

7 *Federal Practice & Procedure* § 1613 at pp. 199–200. *See also Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 820 (8th Cir.1977) ("It is generally recognized that a person does not become indispensable to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action.").

Accordingly, Boston Car's motion to add York pursuant to Fed.R.Civ.P. 19 is hereby DENIED.

---

**1.** The contract between Acura and York provides, in part, that:
> If for any reason the Acura Division of American Honda Motor Co., Inc. is prevented or prohibited by any law, rule, regulation or order of any court or governmental agency from entering into an Acura Automobile Sales Agreement with you, [Acura] shall have no responsibility or liability of any kind for any reason.