Nitin P. PARIKH, M.D., Plaintiff,

v.

FRANKLIN MEDICAL CENTER
INC., Defendant.

Civ. A. No. 95–30111–MAP.

United States District Court,
D. Massachusetts.

July 26, 1995.

John F. Rogers, Cain, Hibbard, Myers & Cook, Pittsfield, MA, for plaintiff.

Francis D. Dibble, Jr., Anita F. Sarro, Jerome M. Scully, Bulkley, Richardson & Gelinas, Springfield, MA, for Franklin Medical Center.

Diane H. Esser, Esser, Singer, Eisenberg, Wainstein & Berlin, Greenfield, MA, for Sudershan Singla, M.D.

*MEMORANDUM AND ORDER WITH RESPECT TO DEFENDANT'S MOTION TO JOIN PARTY (Docket No. 5)*

NEIMAN, United States Magistrate Judge.

Pursuant to Rules 19(a), 20(a) and 21 of the Federal Rules of Civil Procedure, Defendant Franklin Medical Center ("FMC") has moved for an order joining Sutershan Singla, M.D. ("Singla") as a defendant in this action. Plaintiff Nitin Parikh ("Parikh"), a physician engaged in the practice of anesthesiology in Greenfield, Massachusetts and at FMC, opposes the motion. Singla reportedly assents to this joinder. For the reasons set forth below, the Court ALLOWS Defendant's Motion to Join Party.

## FACTUAL BACKGROUND

On December 13, 1990, Parikh entered into an agreement with FMC ("1990 Agreement") to assume responsibility for the administrative and clinical functions of FMC's Department of Anesthesiology. The 1990 Agreement contained a provision which provided, in applicable part, that Parikh "shall have the exclusive right to practice anesthesiology at Franklin Medical Center."

In early 1994, when FMC was promoting a plan to increase its surgical services, Parikh recruited a fourth anesthesiologist, Singla, who had recently completed training and was practicing in Worcester, Massachusetts. Parikh and Singla negotiated a partnership agreement pursuant to which Singla would be engaged as an anesthesiologist ("Partnership Agreement"). Under the Partnership Agreement, Parikh was to manage the business and clinical affairs of the partnership and Singla was to provide anesthesia services as well as maintain and submit related records. The Partnership Agreement also contained the following provision with respect to the relationship between the termination of the partnership and Parikh's *exclusive* right to practice anesthesiology at FMC: "Upon the termination of this partnership agreement ... Dr. Singla agrees to tender his resignation as a member of the medical and dental staff at Franklin Medical Center, effective immediately."

In March of 1995, Parikh delivered to Singla a notice terminating the Partnership Agreement. Simultaneously, Parikh directed FMC to exclude Singla from providing anesthesia services at FMC, asserting that the 1990 Agreement gave him the authority for such action. See Complaint, p. 6. During the ensuing six weeks, FMC challenged Parikh in his decision to terminate his partnership with Singla. On May 1, 1995, FMC advised Parikh that it considered the 1990 Agreement void and unenforceable as an unlawful restraint of trade. On May 12, 1995, Parikh stated that, as chief of the FMC anesthesia department at FMC, he would not include Singla on the anesthesia service schedule after May 18, 1995. In turn, FMC demanded that Parikh continue to routinely assign anesthesia cases to Singla.

Parikh refused and commenced this declaratory judgment action in Berkshire County Superior Court. Parikh's complaint sought a determination and declaration that his exclusive contract to provide anesthesia services at FMC is "valid and binding" rather than an "unlawful restraint of trade." Complaint, ¶¶ 12 and 14 and prayer 1. On May 15, 1995, FMC removed the matter to this Court, pursuant to 28 U.S.C. § 1441, on grounds that the request for relief involved a substantial question of federal law under 15 U.S.C. §§ 1 through 4 and 28 U.S.C. §§ 1331 and 1337. FMC has now moved the Court for an order joining Singla as a defendant in this action.

## DISCUSSION

Rule 19(a) of the Federal Rules of Civil Procedure provides as follows:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Given the facts before the Court, Singla does not appear to be a *necessary* party pursuant to Rule 19(a)(1). To the extent that Parikh's complaint seeks a declaration with regard to the 1990 Agreement between FMC and Par-

ikh, the relief sought could be effectively ordered in Singla's absence.

 Nor does Singla appear to be, and FMC does not claim him to be, an *indispensable* party under Fed.R.Civ.P. 19(b).[1] As the First Circuit Court of Appeals has indicated:

> It is generally recognized that a person does not become indispensable to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action.

*Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 968 F.2d 1463, 1472 (1st Cir.1992), quoting *Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Ctr., Inc.*, 564 F.2d 816, 820 (8th Cir. 1977). In this regard, however, the comments of Professor Wright are particularly applicable:

> When a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though he may have obligated himself to abide by the result of the pending action by another contract that is not at issue, he will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract, although *he may be a Rule 19(a) party to be joined if feasible.*

7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1613 at 199–200, quoted in *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 676 (1st Cir.1994) (emphasis added).

 While Rule 19 does not use the word "necessary," and such usage "survives in case law at the price of some confusion," it is clear that Rule 19(a)(2) applies in the present matter. See *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 n. 4 (3d Cir.1993) Accordingly, while someone might neither be a necessary party pursuant to Rule 19(a)(1) or *indispensable* pursuant to Rule 19(b), he or she should still be joined as a party "if feasible" under Rule 19(a)(2) where joinder would not deprive the court of jurisdiction over the subject matter. Compare *Boston Car Company, Inc. v. Acura Automobile Division, American Honda Motor Co., Inc.*, 127 F.R.D. 434 (D.Mass.1989).

Given the interdependency of the Partnership Agreement and the 1990 Agreement, Singla has an interest relating to the subject matter of this action. Pursuant to Rule 19(a)(2)(i), the Court's disposition of this case could impair or impede Singla's ability to protect his contractual interests with Parikh. In addition, depending on the outcome of this litigation, FMC could be subject to substantial risk of incurring inconsistent obligations to Parikh and Singla.

 In sum, interested parties should be added if feasible and such feasibility exists in the instant case. Indeed, unlike the defendants in *Ferrofluidics, supra*, FMC is not seeking to dismiss the case for failure to join an indispensable party, merely to add a necessary one. See also *Bank One Texas, N.A. v. Leaseway Transportation Corp.*, 137 F.R.D. 631 (D.Mass.1991), *aff'd* 968 F.2d 94 (1st Cir.1992). And, unlike the plaintiff in *Boston Car Company, supra*, FMC is not attempting to add a party which could destroy this Court's jurisdiction, since jurisdiction is not based on diversity but a federal question. The Court finds that Singla can be joined pursuant to Rule 19(a)(2) without running afoul of such procedural barriers.

Parikh also requests that, should the Court allow FMC's motion, Singla's joinder be limited to the issue in Parikh's complaint— whether the 1990 Agreement between Parikh and FMC is unenforceable as an unreason-

---

1. Rule 19(b) provides as follows:

 If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

able restraint of trade. Singla's joinder, Parikh argues, should not enable him to pursue in this Court any state law issue relating to the Partnership Agreement between Parikh and Singla. In this regard, Parikh asserts that Singla might wish to bring claims under M.G.L. ch. 108A, § 1 et seq. (the Massachusetts Uniform Partnership Act) and M.G.L. ch. 112, § 121 (with respect to restrictive covenants applicable to physicians).

Rule 19 indeed aims "to achieve judicial economies of scale by resolving related issues in a single lawsuit," while at the same time preventing "the single lawsuit from becoming fruitlessly complex or unending." *Pujol v. Shearson/American Express Inc.,* 877 F.2d 132, 134 (1st Cir.1989), quoting *Smuck v. Hobson,* 408 F.2d 175, 179 (D.C.Cir.1969). However, it is premature for this Court to anticipate either Singla's state law claims, if any, or the parameters of Parikh's complaint itself. What is not premature is Singla's joinder in this lawsuit pursuant to the standards of Rule 19(a). It is a rule which seeks to involve "as many apparently concerned persons as is compatible with efficiency and due process". *Smuck v. Hobson,* 408 F.2d at 179, quoting *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967). No inefficiency or procedural unfairness is evident to the Court.

### CONCLUSION

For the reasons stated, Defendant FMC's Motion to Join Party is ALLOWED.

It is so ordered.