**CHARLES OF THE RITZ GROUP LTD. and Yves Saint Laurent Parfums Corp., Plaintiffs,**

v.

**QUALITY KING DISTRIBUTORS, INC., Deborah International Beauty, Ltd., and Deborah Richman, Defendants.**

**No. 86 Civ. 4251 (EW).**

United States District Court, S.D. New York.

June 11, 1986.

434

Paskus, Gordon & Mandel, New York City (Lile H. Deinard, David S. Klafter, of counsel), for plaintiffs.

Robert L. Sherman, Mineola, New York for defendant Deborah Intern. Beauty Ltd.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Charles of the Ritz Group Ltd. seeks a preliminary injunction enjoining the distribution of defendant Deborah International Beauty Ltd.'s fragrance product sold under the unregistered mark OMNI. In addition to the affidavits and briefs submitted by the parties, the issues have been argued to the Court by counsel. The par-

ties have stipulated that an evidentiary hearing is not required. Upon a close study of the entire record, the Court makes the following determination.

Plaintiff Charles of the Ritz is the owner of a registered trademark OPIUM, used in connection with fragrances produced and marketed by its wholly-owned subsidiary, plaintiff Yves Saint Laurent Parfums Corp. Plaintiffs' OPIUM product line consists of several related fragrance products including perfume, eau de toilette, and bath powder. Its best-selling product in the line is the "Eau de Toilette Natural Spray," as to which infringement by the defendants is claimed. The OPIUM products are packaged in trade dress consisting of an oblong exterior carton colored red and blue, with horizontal gold-colored stripes and "oriental flower" design. The trade dress also bears prominently the mark YVES SAINT LAURENT, used by plaintiff Yves Saint Laurent Parfums Ltd. OPIUM's trade dress, minus the wordmarks, has itself been registered as a trademark used in connection with fragrances, and is also owned by plaintiff Charles of the Ritz Ltd.

The parties apparently are in accord that, in general terms, the perfume industry is divided into two markets: one for "designer" or "luxury" fragrances, which are often imported and which are sold in department stores and boutiques; and "discount" fragrances, which are found in discount stores, drug-stores, and low-end department stores.[1] The OPIUM products are sold primarily in department stores and other comparatively high-price retail outlets throughout the United States. Plaintiffs have expended considerable sums of money in advertising and otherwise promoting their OPIUM products.

Defendant Deborah International Beauty Ltd. ("Deborah") is the manufacturer of a fragrance product sold under the unregistered mark OMNI. OMNI is apparently similar in scent to the OPIUM eau de toilette product; the similarity is emphasized by a card visible to the consumer which projects out from the top of each package of OMNI product, bearing the legend "IF YOU LIKE OPIUM YOU'LL LOVE OMNI." OMNI is sold in a trade dress consisting of an oblong carton, colored maroon, bearing the OMNI mark, diagonal stripes and "palm leaves" in gold. In size and appearance the carton is similar to plaintiffs'. OMNI is currently distributed only in a single mass-merchandising drug-store chain; although plaintiffs do not distribute OPIUM products directly to such retail outlets, certain of their wholesale distributors do, and accordingly the two product lines may be found on the same merchandiser's counters.

Defendant's OMNI product is one of eight such products in its line; each product is apparently intended to imitate the scent of another manufacturer's fragrance product selling at a higher price. Defendant's store display contains a set of testers, by means of which the consumer can sample the fragrances. Behind the testers are sample cartons of defendant's product, and behind defendant's sample are photographs of the product which it resembles.

Plaintiffs allege that the defendant infringes plaintiffs' registered trademarks and trade dress. Plaintiffs allege additional causes of action for misidentification of goods in interstate commerce, pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state law causes of action for unfair competition and trademark dilution. Plaintiffs move for a broad preliminary injunction barring the distribution of OMNI in its current trade dress using the current promotional materials, and barring any use of the OPIUM trademark on the packaging or promotional material for the OMNI product.

The burden which plaintiffs must meet in establishing their entitlement to a preliminary injunction is well-established by the decisions of our Court of Appeals. Plaintiffs must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) that there are serious questions going to the merits and that the bal-

---

1. *See* Affidavit of Deborah Richman, at 2.

ance of hardships tips decidedly in the plaintiffs' favor.[2] In trademark cases, "[i]n the preliminary injunction context, a showing of likelihood of confusion as to source or sponsorship establishes the requisite likelihood of success on the merits as well as risk of irreparable harm." [3] In essence, plaintiffs make two related claims: first, that defendant's use of plaintiffs' own trademark and trade dress on its packaging and promotional material infringes plaintiffs' trademark rights; and second, that defendant's trade dress infringes plaintiffs' trademark in their own package design.

As previously noted, defendants' package design for the OMNI product includes a tab which rises vertically above the box-top. Printed on the tab, in white lettering on a maroon background, is the legend "IF YOU LIKE OPIUM YOU'LL LOVE OMNI". On the portion of the tab which is not visible to the consumer until the box is opened, in type half the size of the slogan itself, appears the explanatory legend "Opium is a Registered Trademark Parfum and is not associated in any matter [sic] with Deborah International Beauty, Ltd." Defendant contends that it is entitled to such use of plaintiffs' OPIUM mark on its product packaging and promotional material as a matter of comparative advertising. Defendant argues that its slogan "IF YOU LIKE OPIUM YOU'LL LOVE OMNI," neither asserts nor suggests any claim of equivalence or superiority between the products, but is merely an encouragement for the consumer to compare. Defendant relies upon the decision of the Ninth Circuit in *Saxony Products, Inc. v. Guerlain, Inc.*,[4] for the proposition that use of a competitor's trademark in comparative advertising is a protected non-infringing use. *Saxony* involved a manufacturer of "LIKE

PERFUMES," which imitated the scent of higher-priced products. Saxony in its advertising displays offered a comparison chart which said of Saxony's Fragrance S product that "If you like SHALIMAR, you'll love Fragrance S." Guerlain, the owner of the registered trademark SHALIMAR, claimed a violation of § 43(a) of the Lanham Act. The Ninth Circuit Court of Appeals upheld Saxony's use of Guerlain's trademark SHALIMAR, saying:

> it is clear that for purposes of comparative advertising Saxony could use Guerlain's trademark SHALIMAR to apprise consumers that Fragrance S is "LIKE" or "similar" to SHALIMAR. The use of Guerlain's trademark, however, constituted a violation of the Lanham Act if Saxony falsely represented that Fragrance S was "LIKE" or "similar" to SHALIMAR or *if there was a reasonable likelihood that consumers would be confused as to the source of Fragrance S.*[5]

As this passage makes clear, the Ninth Circuit decision in *Saxony* does not preclude trademark infringement claims based upon comparative advertising where the comparative claim is used in a context which renders consumer confusion likely.

This holding is entirely in accord with the decision of our Court of Appeals in *Societe Comptoir de l'Industrie Cotonniere v. Alexander's Dept. Stores.*[6] Plaintiff in that case, the owner of the marks DIOR and CHRISTIAN DIOR, alleged trademark infringement by defendant's use of the marks to advertise its own copies of garments designed by plaintiff. The Court of Appeals affirmed the denial of a preliminary injunction, holding that

> [t]he Lanham Act does not prohibit a commercial rival's truthfully denominat-

**2.** *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985); *Buckingham Corp. v. Karp*, 762 F.2d 257, 261 (2d Cir.1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam).

**3.** *Standard & Poor's Corp. v. Commodity Exchange, Inc.*, 683 F.2d 704, 708 (2d Cir.1982); see *General Motors Corp. v. Gibson Chem. & Oil Corp.*, 786 F.2d 105, 109 (2d Cir.1986); *Sonora*

*Cosmetics, Inc. v. L'Oreal S.A.*, 631 F.Supp. 626, 629 (S.D.N.Y.1986).

**4.** 513 F.2d 716 (9th Cir.1975).

**5.** 513 F.2d at 722 (emphasis added).

**6.** 299 F.2d 33 (2d Cir.1962).

ing his goods a copy of a design in the public domain, though he uses the name of the designer to do so.... [T]he right of the complainant in his mark is limited to dilution which is brought about by confusion as to source or affiliation.[7]

■ The issue resolves, then, to the question whether the combination of circumstances surrounding defendant's marketing of OMNI is likely to cause consumer confusion as to the source of the product. Upon its review of the entire record, including its visual inspection of the product packages and defendant's point-of-sale display, the Court is satisfied that the use of the slogan "IF YOU LIKE OPIUM YOU'LL LOVE OMNI," affixed both to the physical package and to the retail display, raises a substantial likelihood of confusion as to the source of the product. This slogan appears prominently on each package of OMNI sold, printed in white lettering on a tab which rises vertically above the box-top. The mark of OMNI's manufacturer, DEBORAH, appears on the back of the box and on the boxtop under the tab; neither mark is readily visible to the consumer when the product is viewed at-eye level in defendant's point-of-sale display. The use of the slogan on the tab appears to be a deliberate attempt to have the consumer identify the OMNI product as originating from the same source as OPIUM. The disclaimer on the lower portion of the tab, which as previously noted is hidden from view when the tab is in place, suggests a calculated effort by defendant to escape liability for infringement.

The state of facts here is distinctively different from that before the Ninth Circuit in *Saxony, supra*, upon which defendant relies. There, as the Court of Appeals stated, "only the Saxony name appears on the labels of the boxes or bottles in which Saxony products are sold." [8] The use of plaintiffs' product name on defendant's package provides fertile ground for consumer confusion; the intrusion of this ele-

ment into defendant's commercial presentation of its product creates a likelihood that all the elements, taken together, will result in confusion as to the source and sponsorship of defendant's product.

■ Plaintiffs claim that even if the tab is removed, the defendants' package design would still infringe plaintiffs' protected rights in their own product packaging. The Court finds that, as to this contention, plaintiffs have failed to meet their burden for the issuance of a preliminary injunction. While the two packages appear similar upon cursory examination, a closer inspection, such as would be made by the reasonable consumer intending a purchase, discloses substantial and significant differences. Plaintiffs' registered trademark in its package design claims the color pattern of plaintiffs' package, along with the floral pattern, as a distinguishing feature of plaintiffs' design. The background coloration of the two packages at issue is distinct: plaintiffs' package is predominantly rust red, with top and bottom areas colored dark blue; defendant's package is predominantly maroon. Plaintiffs lay great stress on the "Oriental Flower Design" which appears in gold on the foreground of their package, and allege that the "leaves" similarly figured in gold on defendant's package clearly infringe their design. The leaves depicted on the defendant's package appear to be leaves of bamboo or palm, and are different in shape, size, and configuration from those shown on plaintiffs' package. Plaintiffs did not acquire, by their separate registration of their package design, a monopoly on the use of leaves or other vegetable matter on the packaging of perfume; the Court finds that once the tab containing the legend "IF YOU LIKE OPIUM, YOU'LL LOVE OMNI" is removed, the remaining combination of features presented by the two package designs is not, in and of itself, sufficiently

7.  229 F.2d at 36; *see Mattel, Inc. v. Azrak-Ham-way Int'l, Inc.*, 724 F.2d 357, 361 (2d Cir.1983).

8.  513 F.2d at 718.

similar to warrant the issuance of a preliminary injunction.[9]

In support of their contention that defendant's package alone is likely to cause consumer confusion, plaintiffs present the results of a survey done in contemplation of litigation in which consumers randomly selected at a shopping mall were shown extremely short glimpses of packages of fragrance products using a shadow-box. Of a sample of thirty-five consumers, plaintiffs report, 34% misidentified a package of OMNI as a package of OPIUM. It is undisputed, however, that the OMNI packages shown to the survey respondents included the riser tab prominently bearing the OPIUM mark, which the Court has found above creates a likelihood of consumer confusion. Plaintiffs have presented no evidence that similar confusion results when consumers are shown the OMNI package without the riser tab bearing the OPIUM name.

 Plaintiffs also object to the defendant's use, on its point-of-sale display, of a photograph of the plaintiffs' OPIUM bottle. This photograph appears on the rear panel of the display, behind a sample bottle of OMNI and a row of ONMI packages. Here too the Court finds that plaintiffs have failed to show any likelihood of confusion. The words "OPIUM" and "OMNI" are different both to the eye and to the ear.[10] One word cannot be mistaken for the other. Moreover, it is undisputed that the bottles of OMNI themselves are dissimilar in shape, size, and texture from bottles of plaintiffs' OPIUM. Defendant's bottle sits at the front of the display, to permit consumers to sample the fragrance. The photograph of plaintiffs' bottle is at the rear; from all angles at which the display can be viewed the dissimilarity of the two bottles is patent.

Accordingly, plaintiffs' motion for a preliminary injunction is granted in part. Defendants will be enjoined from the use of the phrase "IF YOU LIKE OPIUM YOU'LL LOVE OMNI," or its equivalent,[11] both on their product packaging and on their promotional or advertising materials. Defendants will be required to remove the tab currently bearing that legend from all product packages, and to remove the legend from their current in-store display. In all other respects the motion for preliminary injunctive relief is denied.

Settle order on notice.

---

**9.** *Cf. LeSportsac, Inc. v. K Mart Corp.,* 754 F.2d 71, 79 (2d Cir.1985); *Harlequin Enters. Ltd. v. Gulf & Western Corp.,* 644 F.2d 946, 949 (2d Cir.1981); *Perfect Fit Indus. v. Acme Quilting Co.,* 618 F.2d 950, 955 (2d Cir.1980).

**10.** *Cf. Stix Products, Inc. v. United Merchants & Mfrs., Inc.,* 295 F.Supp. 479, 485–87 (S.D.N.Y. 1968)

**11.** The Court notes that the point of sale display has recently been modified to read, on the lower edge below the sample bottle, "IF YOU LIKE OPIUM YOU'LL LOVE DEBORAH'S OMNI." For the reasons stated above, the Court finds that this phrase raises serious issues going to the merits, and its use will be enjoined.