962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
SEAGATE TECHNOLOGY, INC. and Peter I. Bonyhard, Appellants,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellee.
 No. 92-1055.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 11, 1992.
 Decided April 6, 1992.
 
 Before McMILLIAN, JOHN R. GIBSON and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Seagate Technology, Inc. (Seagate) and Peter I. Bonyhard (Bonyhard) appeal from the district court's issuance of a preliminary injunction as requested by appellee International Business Machines Corporation (IBM):
 
 
 2
 (a) preliminar[ily] enjoining [Seagate and Bonyhard] from the disclosure and use of [IBM's] confidential information; [and]
 
 
 3
 (b) preliminar[ily] enjoining defendant Bonyhard, for a reasonable period of time, from employment in a position at Seagate in which he is involved in the development, manufacture or design of MR heads for rigid disk applications, so as reasonably to protect [IBM's] trade secrets and confidential information.
 
 
 4
 Order of the district court, at 13-14.
 
 
 5
 In reviewing the grant of a preliminary injunction, "this court may not disturb the district court's balancing of the equities absent a clearly erroneous factual determination, an error of law, or an abuse of discretion." Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir.1987) (citations omitted).
 
 
 6
 Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.
 
 
 7
 Fed.R.Civ.P. 65(d). Further, "in granting or refusing interlocutory injunctions the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its action." Fed.R.Civ.P. 52(a).
 
 
 8
 The purposes of these requirements are to prevent uncertainty and confusion on the part of the enjoined party, to avoid contempt citations on an order that is too vague to be understood, and to allow the appellate court to ascertain precisely what it is reviewing. Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 669 (8th Cir.1987) (citations omitted). "Where the court does not make findings which are sufficient to indicate the factual basis for its ultimate conclusion, the appropriate procedure is to vacate the judgment and remand for such findings." Squirtco v. Seven-Up Co., 628 F.2d 1086, 1092 (8th Cir.1980) (citation omitted). See also Hampton Foods, Inc. v. Aetna Casualty and Sur. Co., 843 F.2d 1140, 1143 (8th Cir.1988).
 
 
 9
 After reviewing the district court's order, we conclude that the district court did not make findings of fact sufficient to demonstrate the factual basis for its ultimate conclusion. In particular, the order makes no specific findings as to whether any or all of the information claimed by IBM to be confidential and/or a trade secret is, in fact, confidential and/or a trade secret.
 
 
 10
 We further conclude that the terms of the injunction issued are not sufficiently specific to comply with Rule 65(d). The injunction does not define the "confidential information" and the "trade secrets" within its scope, and the injunction does not define "reasonable period of time" with respect to the employment restriction. See E.W. Bliss Co. v. Struthers-Dunn, Inc., 408 F.2d 1108 (8th Cir.1969).
 
 
 11
 We decline to consider appellants' remaining arguments at this time.
 
 
 12
 Accordingly, the preliminary injunction is dissolved, and this matter is remanded to the district court for further proceedings consistent with this opinion.